AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
FOR THE SAMSUNG GALAXY S9 CELLULAR TELEPHONE BEARING IMEI#:
352411090424634 AND BEARING NASHUA POLICE DEPARTMENT PROPERTY
NUMBER 20-5533-PR BELONGING TO TANNER RICCIARDI

I, Richard Sprankle, Drug Enforcement Administration ("DEA") Task Force Officer (TFO), hereby being duly sworn, depose and state as follows:

**Preface**

1. The following affidavit is furnished to support a search warrant for the following: (1) a Samsung Galaxy S9 bearing IMEI #:352411090424634 and bearing Nashua Police Department property number 20-5533-PR which is currently located within the Nashua Police Department, as described in Attachment A.

2. Based upon information obtained from a variety of sources, including state law enforcement agents, admissions, direct observations and seized controlled substances, I submit that there is probable cause to believe that the Samsung Galaxy S9 contains evidence concerning the sale, and possession with the intent to sell controlled substances, and conspiracy to commit this crime in violation of 21 U.S.C. § 846 (conspiracy to distribute controlled substances) and 21 U.S.C. § 841 (a)(1)(distribution of controlled substances), as described further in Attachment B.

**Background**

3. I am a Task Force Officer with the United States Drug Enforcement Administration ("DEA") and have been so employed since 2019. I am currently assigned to the Manchester New Hampshire District Office. I am currently employed by the Nashua New Hampshire Police Department as a police officer since 2010. My duties and responsibilities as a DEA Task Force Officer include the investigation of federal crimes, including violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

4. During my employment with DEA, as well as my time with the Nashua New Hampshire Police Department, I have participated in numerous investigations relating to the distribution of controlled substances, including heroin, fentanyl, oxycodone, cocaine, and other substances in violation of the federal anti-drug laws, including Title 21, United States Code. Based upon my training and experience, I am familiar with narcotics traffickers' methods of operation, including the distribution, storage, and transportation of narcotics and the collection of money that constitutes the proceeds of narcotics trafficking activities. I am also familiar with the use of cellular telephone technology generally and as it is used to facilitate drug trafficking offenses.

5. Based upon my training and experience, I am familiar with drug traffickers' methods of operation, including the distribution, storage, and transportation of drugs and the collection of money that constitutes the proceeds of drug trafficking activities. I am familiar with the

types of packaging used to distribute controlled substances as well as equipment used such as scales, bags, pill presses and cutting agents. I am also familiar with drug-related paraphernalia and the equipment used to ingest controlled substances, such as syringes and smoking pipes.  I have talked to drug dealers and listened to their conversations, so I am familiar with the coded language often used in these conversations.  Because of my training and experience, I am familiar with new trends of concealing illegal drug trafficking. I also stay current on the latest technology used to investigate drug crimes. In sum, through my training, education, and experience, I have become familiar generally with the manner in which drug traffickers conduct their illegal activities, including purchasing, manufacturing, storing, and distributing drugs, the laundering of illegal proceeds, and the efforts of persons involved in such activity to avoid detection by law enforcement.  Observations made and conclusions drawn throughout this affidavit that are based on my training and experience also include the training and experience of other law enforcement agents and officers with whom I have discussed these issues.

6. I am familiar with the facts and circumstances of this investigation from oral and written reports given to me by state and local police departments. Since this affidavit is being submitted for the limited purpose of establishing that probable cause exists to support the issuance of a search warrant, I have not included details about every aspect of the investigation. While this affidavit contains the material information I am aware of that is pertinent to the requested search warrant, it does not set forth all of my knowledge about this matter.

**Probable Cause**

7. On October 1, 2020 at approximately 4:30 PM, Officer Ryan Fitzpatrick, Officer Corey Gobbi, and Officer Matthew Gigtos of the Nashua Police Department responded to the New Hampshire Probation and Parole Field Office located at 5 Pine Street Extension, Nashua, to assist Probation Parole Officer Thomas Harrington with an investigation concerning one of his probationers, Tanner Ricciardi.

8. Upon arrival, Officers made contact with PPO Harrington who advised that Tanner Ricciardi (Date of Birth:           1991 of                          Amherst, New Hampshire 03031), had responded to his office for a routine check-in.  During the course of Tanner's check-in, he fai          screen                      arijuana, cocaine and fentanyl. PPO Harrington found a butane lighter, cellphone and $420 on his person.  In accordance with the terms and conditions of probation, PPO Harrington examined Tanner's cellular phone and viewed various text messages consistent with Tanner selling controlled substances.  Specifically within the text messages, Tanner discussed selling "bags" and "gs" for a quantity of United States Currency.  Based on my training and experience, I know that these terms are often used to refer to various amounts of controlled substances

packaged for sale.  At the time of this incident, PPO Harrington retained custody of Tanner's cellular phone, identified as a Samsung Galaxy S9 bearing IMEI #:352411090424634.

9. PPO Harrington then spoke with a male, identified as Nicholas Guadagnoli (Date of Birth: 1989 of                           Brookline, New Hampshire 03033), who had driven Tanner to the Field Office in a white Honda CRV bearing New Hampshire registration                . Guadagnoli provided consent to PPO Harrington to search the vehicle. During the search, PPO Harrington located a cigarette pack in the front right passenger glove compartment containing suspected opiate, which later tested positive at a lab for 7.8 grams of fentanyl.

10. Guadagnoli told Officer Harrington that he had no prior knowledge of the fentanyl located within the glove compartment.  Upon questioning, Ricciardi told PPO Harrington that he had been seated in the front right passenger seat of the Honda CRV.  Ricciardi further admitted to Officer Fitzpatrick that the fentanyl located within the cigarette pack belonged to him and that Guadangnoli had no prior knowledge of the substance.  Based on the totality of evidence, Ricciardi was arrested and charged with Violating Probation and Possession with Intent to Distribute a Controlled Substance.

11. On October 23, 2020, Officer Gigtos listened to recordings of phone calls placed by Tanner Ricciardi during his incarceration at the Hillsborough County House of Corrections Valley Street Jail between October 2, 2020 and October 21, 2020.  In one call, Ricciardi spoke to his mother and explained the reason for his arrest to include, "I was doing drugs, I had drugs, I was selling drugs" while also stating that it was "probably for the best".

12. On December 8, 2020, Officer Gigtos made contact with PPO Harrington and took custody of the Samsung Galaxy S9 pending application for a search warrant.  The phone had been placed in airplane mode on October 1, 2020.  Through my training and experience, I am aware that narcotic dealers use cellular phones as tools to communicate with possible buyers of narcotics, as well as their own narcotics suppliers. Additionally, as a result of this investigation, probable cause exists to believe Ricciardi had communicated with individuals about drug sales on messaging platforms within his Samsung Galaxy S9.  The scope of the search being sought is for the Samsung Galaxy S9 bearing IMEI #:352411090424634 and bearing Nashua Police Department property number 20-5533-PR which is currently located within the Nashua Police Department.

/S/ Richard Sprankle
RICHARD SPRANKLE
Special Agent Drug Enforcement Administration

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: Dec 31, 2020
Time: 12:05 P.M.

_____
HONORABLE DANIEL J. LYNCH
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to be Searched

The scope of the search being sought is for the Samsung Galaxy S9 bearing IMEI #:352411090424634 and bearing Nashua Police Department property number 20-5533-PR which is currently located within the Nashua Police Department located at 28 Officer James Roche Drive, Nashua, NH 03062.

**ATTACHMENT B**

The information sought on the cellular telephone is from September 1, 2020 through October 1, 2020 for evidence that relates to the crime of Distribution of Controlled Substances and Possession of Controlled Drug-With Intent to Distribute, to include but not limited to:

a. Contacts, call history, missed calls, received calls and dialed calls as these may identify the communication with supposed drug users, narcotics buyers and/or dealers.
b. Text messages (SMS/MMS or chat applications, such as iMessages) as these messages may retain evidence of sales or planned sales of narcotics transactions.
c. Social media applications, such as SnapChat and Facebook Messenger, as these are common methods drug dealers use to communicate with potential buyers.
d. Voicemails and any other form of electronic communication, as these may contain evidence of verbal agreements of sales of narcotic drugs.
e. Photographs and video which could contain images of narcotic drugs that were sent to potential buyers, as this is a common advertising practice used by drug dealers prior to a sale.
f. Any other evidence of the crime of Possession of Controlled Drug-With Intent to Distribute in violation of New Hampshire Revised Statutes Annotated 318-B:2.